IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CONTINENTAL PACIFIC, LLC, | ) | Civil No. 22-00102 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) GRANT PLAINTIFF'S MOTION |
| | ) | TO REMAND CASE TO STATE |
| VANCE PHILLIP DUBUCLET; | ) | COURT; AND |
| PORTFOLIO RECOVERY | ) | (2) DENY DEFENDANT'S SECOND |
| ASSOCIATES LLC, a Delaware | ) | APPLICATION TO PROCEED IN |
| limited liability company; DOE | ) | DISTRICT COURT WITHOUT |
| DEFENDANTS 1–10; BYVW | ) | PREPAYING FEES OR COSTS |
| EXCHANGE SERVICES, LLC; | ) | |
| FIRST AMERICAN TITLE | ) | |
| GUARANTEE CO (FATCO); | ) | |
| HAWAII ELECTRIC LIGHT CO. | ) | |
| (HELCO); HENRY CORREA, JR. | ) | |
| "Hank"; and PETER K. KUBOTA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO:  (1) GRANT
PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT;
AND (2) DENY DEFENDANT'S SECOND APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

INTRODUCTION

On March 16, 2022, Defendant Vance Phillip DuBuclet ("Defendant"),

proceeding *pro se*, removed a foreclosure action from the Third Circuit Court,

State of Hawai'i ("State Action").  ECF No. 1.  On that same date, Defendant

filed an Application to Proceed in District Court Without Prepaying Fees or

Costs ("First IFP Application"). ECF No. 2. The Court denied Defendant's

First IFP Application as incomplete and permitted Defendant to file a fully

completed IFP Application, along with an amended notice of removal that

complies with 28 U.S.C. § 1446(a).[1] *See* ECF No. 4. On April 8, 2022,

Defendant filed an Amended Notice of Removal and a second IFP Application

("Second IFP Application"). ECF Nos. 6, 7.

On April 14, 2022, Plaintiff Continental Pacific, LLC ("Plaintiff"), filed a

Motion to Remand Case to State Court ("Motion to Remand"). ECF No. 13.

On May 2, 2022, Defendant filed "Petitioner's Support of Continued Removal

to Stay in Federal Court Jurisdiction," "Declaration of Opposition to Remand to

Lower Court's Jurisdiction," and exhibits (collectively, "Opposition"). ECF

Nos. 15–17. On May 6, 2022, Plaintiff filed a Reply. ECF No. 19.

The Court elects to decide Plaintiff's Motion to Remand and Defendant's

Second IFP Application without a hearing pursuant to Rule 7.1(c) and (d) of the

Local Rules of Practice for the United States District Court for the District of

Hawaii. After carefully considering the parties' submissions, the record, and

applicable law, the Court FINDS that the Court lacks subject matter jurisdiction.

For the reasons set forth below, the Court thus RECOMMENDS that the district

---

[1] Defendant had not attached to the original Notice of Removal "a copy of all
process, pleadings, and orders served upon" him in the State Action. 28 U.S.C.
§ 1446(a). *See* ECF No. 1.

court:  (1) GRANT Plaintiff's Motion to Remand; and (2) DENY as moot

Defendant's Second IFP Application.

## DISCUSSION

Under the federal removal statute, 28 U.S.C. § 1441, a defendant "may

remove 'any civil action brought in a State court of which the district courts . . .

have original jurisdiction[,]'" meaning "so long as federal subject-matter or

diversity jurisdiction exists." *Grancare, LLC v. Thrower by & through Mills*,

889 F.3d 543, 548 (9th Cir. 2018); *Trotta v. URS Fed. Servs., Inc*., 532 F. Supp.

3d 985, 988 (D. Haw. 2021) (citing 28 U.S.C. § 1441).  Courts "'strictly

construe the removal statute against removal jurisdiction.'"  *Sharma v. HSI*

*Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co*., 23 F.4th

1167, 1170 (9th Cir. 2022) (quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th

Cir. 1992)).  Accordingly, "[i]f a district court determines at any time that less

than a preponderance of the evidence supports the right of removal, it must

remand the action to the state court."  *Hansen v. Grp. Health Coop*., 902 F.3d

1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Estate of*

*Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Cal. ex rel. Lockyer*

*v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004)).

"The removing defendant bears the burden of overcoming the 'strong

presumption against removal jurisdiction.'"  *Id*. (quoting *Geographic*

3

*Expeditions*, 599 F.3d at 1107). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Gaus*, 980 F.2d at 566).

Defendant purports to remove the State Action based on diversity and federal question jurisdiction under 28 U.S.C. §§ 1332, 1441(a), (b). ECF No. 6-1 at 2, 4. Plaintiff asserts that the State Action should be remanded because Defendant's removal is untimely and the court lacks subject matter jurisdiction. This Court agrees with Plaintiff and addresses these assertions in turn.

I.      Untimely Removal

Defendant's removal is untimely and, thus, procedurally flawed. The federal removal statute provides two 30-day pathways for removal: (1) "during the first thirty days after the defendant receives the initial pleading"; or (2) "during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Dietrich v. Boeing Co*., 14 F.4th 1089, 1090 (9th Cir. 2021); *Harris v. Bankers Life and Cas. Co*., 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

Removal based on diversity also presents three removal scenarios

depending on whether an action is removable based upon the face of the

complaint:

> 1) the case clearly is removable on the basis of jurisdictional facts
> apparent from the face of the complaint, i.e., complete diversity of
> citizenship; 2) the case clearly is not removable on the basis of
> jurisdictional facts apparent from the face of the complaint, i.e.,
> lack of complete diversity; or 3) it is unclear from the complaint
> whether the case is removable, i.e., the citizenship of the parties is
> unstated or ambiguous.

*Harris*, 425 F.3d at 692–93.  Based on the State Action's procedural posture,[2]

the first scenario applies, and § 1446(b)(1) required Defendant to remove via the

first pathway—within the first 30 days after the Defendant received the initial

pleading.

On April 30, 2021, Defendant was served with the Complaint and

Summons.  ECF No. 13-6 at 2.  In the Complaint, Plaintiff alleges:  the

citizenship of the parties; that Defendant purchased two parcels of real property

located at "Keahialaka, District of Puna, Island and County of Hawaii, State of

Hawaii" ("Subject Property"); that Defendant is indebted to Plaintiff pursuant to

two promissory notes; and that, due to Defendant's default to pay Plaintiff under

---

[2]  The Court takes judicial notice of the State Action and documents filed
therein.  *See Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1055
n.5 (9th Cir. 2017) (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th
Cir. 2012) ("We may take judicial notice of undisputed matters of public record,
including documents on file in federal or state courts.")).

the terms of these notes, Plaintiff seeks to foreclose on two corresponding

mortgages against the Subject Property.  ECF No. 13-3 at 3–6 ¶¶ 6–15.

On May 19, 2021, Defendant filed a "Response for Filing," in which

Defendant "contest[s] jurisdiction" and asserts that "[t]he correct venue for this

claim, if this claim is in reference to Keahialaka, is the federal court . . . ."  ECF

No. 13-7 at 3.  Defendant thus had, as apparent from the face of the Complaint,

"sufficient knowledge of the existence of grounds for removal . . . ."  *Harris*,

425 F.3d at 696 n.7 (quoting *Moore's Federal Practice 3d*, § 107.30[3](a)(ii)(A)

(3d ed. 2005) (footnotes omitted)).

Accordingly, Defendant had until May 31, 2021,[3] to remove the State

Action under § 1446(b)(1); instead, Defendant removed over nine-and-a-half

months later, on March 16, 2022.  ECF No. 1.  Defendant's failure to remove the

State Action within 30 days of being served with the Complaint, together with

Plaintiff's timely Motion to Remand, defeats removal.  *See Fristoe v. Reynolds*

*Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (noting that the time limit is

mandatory and a timely objection to a late petition will defeat removal).  The

Court thus finds that Defendant's removal is untimely and recommends that the

district court grant Plaintiff's Motion to Remand.

---

[3]  The thirtieth day would have been on Sunday, May 30, 2021.  Under Local
Rule 6(a)(1)(C), however, the deadline is extended to Monday, May 31, 2020.

II.    Lack of Subject Matter Jurisdiction

Substantively, Defendant fails to establish that removal is proper because the Court lacks federal question jurisdiction and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must examine its own subject matter jurisdiction and may remand a case summarily if there is an obvious jurisdictional issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted).

A.    Federal Question Jurisdiction

Defendant fails to establish federal question jurisdiction. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether an action arises under federal law, a court applies the "well-pleaded complaint rule." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998)). "Under this rule, a claim arises under federal

7

law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)). Moreover, a defendant cannot "create" federal subject matter jurisdiction based on claims asserted in the notice of removal. "The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).

Plaintiff filed a Hawaii state law foreclosure Complaint. *See generally* ECF No. 13-3. The Complaint does not present a federal question and, as a result, does not give rise to federal question jurisdiction. Consequently, the Court does not have federal question jurisdiction over the State Action. Furthermore, insofar as Defendant seeks to raise a federal question in defense— by querying, "Who owns these lands?"—Defendant cannot remove the State Action based on asserted claims or defenses that purportedly raise questions of federal law. *See, e.g.*, *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 688 (9th Cir. 2022) ("[A] federal defense is not a sufficient basis to find embedded federal question jurisdiction.") (citing *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1090–91 (9th Cir. 2009)). *See* ECF No. 6-1 at 4.

The Court finds that it lacks federal question jurisdiction over this matter and recommends that the district court grant Plaintiff's Motion to Remand.

B.    Diversity Jurisdiction

Defendant has not satisfied diversity jurisdiction requirements for removal.  Diversity jurisdiction exists where the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  Removal based on diversity jurisdiction requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.  *Grancare*, 889 F.3d at 548 (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

An additional limitation on removal, the forum defendant rule, prevents removal "'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought . . . .'" *Trotta*, 532 F. Supp. 3d at 989 (quoting 28 U.S.C. § 1441(b)(2)).  One of the purposes of allowing removal is to "protect out-of-state defendants from possible prejudices in state court."  *Id.* (quoting *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)).  Because "[t]he need for such protection is absent . . . in cases where the defendant is a citizen of the state in which the case is brought," the forum defendant rule "allows the plaintiff to regain some control

9

over forum selection by requesting that the case be remanded to state court."

*Lively*, 456 F.3d at 940.

"To be a citizen of a state, a natural person must first be a citizen of the United States . . . .  The natural person's state citizenship is then determined by . . . state of domicile . . . ."  *Adams v. W. Marine Prod., Inc*., 958 F.3d 1216, 1221 (9th Cir. 2020) (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  "One's domicile is [his] 'permanent home' . . . where (i) [he] resides, (ii) 'with the intention to remain or to which [he] intends to return.'"  *Id*. (quoting *Kanter*, 265 F.3d at 857).

The forum defendant rule defeats Defendant's removal of the State Action.  Plaintiff "is a Delaware limited liability company with its principal place of business in . . . Florida."  ECF No. 13-3 at 2 ¶ 1.  As for Defendant, nothing in this record suggests that he is domiciled in or is a citizen of a state other than Hawaii.  Defendant identifies as a "Sovereign Hawaiian."[4]  *See* ECF No. 15 at 4.  Defendant indicates as his address "13-1368 Launahele Rd/Pahoa, HI(n) 96778."  *See, e.g.*, ECF No. 1 at 1; ECF No. 2 at 3; ECF No. 6-1 at 1; ECF

---

[4] "Sovereign citizen claims are claims from individuals who, even though they physically reside in the United States, do not recognize the authority of the federal government and believe that they are not subject to the laws or jurisdiction of governmental entities."  *Ceja v. Birkholz*, NO. CV 22-1636-FWS(E), 2022 WL 1406904, at *3 n.4 (C.D. Cal. May 3, 2022) (quoting *Woodruff v. Mason McDuffie Mortg. Corp*., Case No. 19-cv-04300-WHO, 2020 WL 5210920, at *4 n.5 (N.D. Cal. Sept. 1, 2020)).

No. 13-7 at 3.  Defendant states that this address "is located on the property in question . . . ."  ECF No. 6-1 at 12.  Defendant alludes to the Subject Property as real property upon which he has "built [his] house, and the future of [his] family . . . ."  ECF No. 1 at 9; ECF No. 6-1 at 12.  Defendant also declares that the "2018 Leilani flow [is] (5 minutes from my house) . . . ." and that he has been paying the "disputed 'mortgage payment' in this case . . . since 2005."  ECF No. 7 at 1, 2.

The Court finds that, for purposes of diversity jurisdiction, Defendant is domiciled in and a citizen of Hawaii.  Furthermore, Defendant is not a sovereign or member of the Kingdom of Hawaii.  The district court does not recognize the Kingdom of Hawaii at this time, and Defendant cannot claim that he is a member for purposes of establishing diversity of citizenship jurisdiction.  *See, e.g.*, *U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *U.S. v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (finding that Hawaii residents were subject to jurisdiction of the federal courts and refusing to recognize immunity for the "Sovereign Kingdom of Hawaii")).  Consequently, under the forum defendant rule, Defendant, a citizen of Hawaii, cannot remove the foreclosure State Action to this district court

11

based on diversity jurisdiction.[5]  28 U.S.C. § 1441(b)(2).  The Court thus finds

that there is no diversity of citizenship and recommends that the district court

grant Plaintiff's Motion to Remand.

Given this Court's findings and recommendation that the district court

grant the Motion to Remand, and to the extent Defendant seeks to proceed

without prepaying fees and costs, the Court recommends that the district court

deny as moot Defendant's Second IFP Application.

III.    Request for Attorneys' Fees and Costs

Plaintiff requests an award of the attorneys' fees and costs incurred due to

removal of this case, as authorized by 28 U.S.C. § 1447(c) ("An order

remanding the case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal.").  *See* ECF No. 13-1

at 20.  "Absent unusual circumstances, a court may award costs and attorney's

---

[5]  The Court also agrees with Plaintiff that additional grounds destroy diversity
of citizenship.  First, Plaintiff and Defendant Portfolio Recovery Associates,
LLC, are both incorporated in, and therefore are citizens of, Delaware.  *See*
*Ryan v. Salisbury*, 380 F. Supp. 3d 1031, 1047 (D. Haw. 2019) (noting that for
purposes of diversity jurisdiction and under 28 U.S.C. § 1332(c)(1), a
corporation is deemed a citizen of both its state of incorporation and its principal
place of business).  Second, Defendant Portfolio Recovery Associates, LLC,
which was the only other properly joined and served defendant in the State
Action, did not consent or join in removal as required by 28 U.S.C. §
1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all
defendants who have been properly joined and served must join in or consent to
the removal of the action.").  *See* ECF No. 13-4.

fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Carpenter v. PNC Bank, N.A.*, 386 F. Supp. 3d 1339, 1351 (D. Haw. 2019) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Id.* (quoting *Grancare*, 889 F.3d at 552) (other citation omitted).

The Court finds that awarding Plaintiff attorneys' fees and costs is appropriate.  This matter presents no unusual circumstances, and Defendant lacked "an objectively reasonable basis for seeking removal" of the State Action.  *Carpenter*, 386 F. Supp. 3d at 1351.  Defendant's removal was untimely, and federal jurisdiction does not exist in this case.  *See Nazemi v. Wrona*, Civ. No. 13-00239 SOM-BMK, 2013 WL 3936205, at *1 (D. Haw. July 30, 2013), *adopted* on August 19, 2013 (reasoning that awarding attorneys' fees to Plaintiffs was appropriate, even though the defendant was proceeding *pro se*, because the removal was clearly untimely and there were no federal questions raised in plaintiffs' complaint; thus the removal was not objectively reasonable). The Court thus recommends that the district court award Plaintiff attorneys' fees and costs incurred as a result of Defendant's improper removal.

13

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court:  (1) GRANT Plaintiff's Motion to Remand Case to State Court (ECF No. 13); (2) DENY as moot Defendant's second Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 7); and (3) AWARD Plaintiff its attorneys' fees and costs incurred as a result of Defendant's improper removal.

If this Court's recommendations should be adopted, then this Court further RECOMMENDS that a deadline be given for Plaintiff's counsel to submit a declaration in conformance with Local Rules 54.1 and 54.2(f) to support its request for fees and/or costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 11, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*Continental Pacific, LLC v. Dubuclet, et al*., Civil No. 22-00102 HG-KJM; Findings and Recommendation to:  (1) Grant Plaintiff's Motion to Remand Case to State Court; and (2) Deny Defendant's Second Application to Proceed in District Court Without Prepaying Fees or Costs

14