IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
CONTINENTAL PACIFIC, LLC,         )   CIVIL NO. 22-00102 HG-KJM
                                  )
          Plaintiff,              )
                                  )
     v.                           )
                                  )
VANCE PHILLIP DUBUCLET;           )
PORTFOLIO RECOVERY ASSOCIATES     )
LLC; DOE DEFENDANTS 1-10;         )
BYVW EXCHANGE SERVICES, LLC;      )
FIRST AMERICAN TITLE              )
GUARANTEE CO.; HAWAII             )
ELECTRIC LIGHT CO.; HENRY         )
CORREA, JR.; PETER K. KUBOTA,     )
                                  )
          Defendants.             )
                                  )
_____)
```

**ORDER ADOPTING, IN PART, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO: (1) GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT; AND (2) DENY DEFENDANT'S SECOND APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 20)**

**and**

**OVERRULING DEFENDANT VANCE PHILLIP DUBUCLET'S OBJECTIONS (ECF No. 22)**

I. PROCEDURAL HISTORY

On May 11, 2022, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO: (1) GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT; AND (2) DENY DEFENDANT'S SECOND APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS.  (ECF No. 20).

On May 28, 2022, Defendant Vance Phillip DuBuclet,

1

proceeding pro se, filed his Objections to the Magistrate Judge's Findings and Recommendation.  (ECF No. 22).

**II.  STANDARD OF REVIEW**

When a party objects to a Magistrate Judge's Findings and Recommendation, the District Court must review de novo the portions to which the Objections are made to the Findings and Recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 114, 1121 (9th Cir. 2003) (en banc).

Under the de novo standard, there is no deference to the Magistrate Judge's ruling and the District Court may freely consider the matter anew as if no decision had been rendered below.  Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

The District Court may accept, reject, or modify, in whole or in part, the Findings and Recommendation made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with further instructions.  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980); Fed. R. Civ. P. 72(b)(3).

**III. ANALYSIS**

    **A.  THE COURT ADOPTS THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 20), IN PART**

The Court adopts the Finding and Recommendation that the Court remand the action to Hawaii State Court.  The Court lacks

subject-matter jurisdiction over the Hawaii state law foreclosure Complaint filed in this case.  There was no basis for removal by Defendant DuBuclet.

### 1. Federal Question Jurisdiction

There was no basis for removal based on federal question. There are no federal questions presented in the Hawaii state foreclosure complaint filed by Plaintiff Continental Pacific, LLC.

Subject-matter jurisdiction based on a federal question cannot be based on a defense or claim raised by a defendant, but it must "be disclosed on the face of the complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009).

### 2. Diversity Jurisdiction

There was no basis for removal based on diversity jurisdiction.  Defendant DuBuclet is a citizen of the State of Hawaii.  The forum-defendant rule provides that a defendant who is a citizen of the State in which the action was brought is precluded from removing the action to federal court on the basis of diversity jurisdiction.  28 U.S.C. § 1441(b)(2); see Trotta v. URS Fed. Srvs., Inc., 532 F.Supp.3d 985, 989 (D. Haw. 2021).

In addition, there is not complete diversity between the Plaintiff and the Defendants.  See Findings and Recommendation at p. 12, n.5.

There was no basis for removal by Defendant DuBuclet that would provide the Court with subject-matter jurisdiction over the Complaint.

The Court need not reach the additional bases for which the Magistrate Judge found that removal was improper.

### 3. Award Of Attorneys' Fees and Costs

The Court adopts the Magistrate Judge's Findings and Recommendation to award attorneys' fees and costs incurred to removal of the case pursuant to 28 U.S.C. § 1447(c). Removal was objectively unreasonable. Defendant DuBuclet had no basis to remove the action.

### B.   DEFENDANT'S OBJECTIONS (ECF NO. 22) ARE OVERRULED

Defendant's May 28, 2022 Objections (ECF No. 22) contains largely unintelligible pleadings that are difficult to decipher.

Contrary to Defendant's position, he was not entitled to a hearing on the Motion to Remand or his Application to Proceed Without Prepaying Fees or Costs. District of Hawaii Local Rule 7.1(c), (d).

There was no error in denying Defendant's request to proceed without prepayment of fees. The Magistrate Judge properly found that removal was improper and that the Court lacks subject-matter jurisdiction over the Complaint. The award of attorneys' fees is appropriate as there was no reasonable basis for removal.

Defendant's remaining arguments in the Objections have no

relevancy to the Court's jurisdiction, the Findings of Fact and Conclusions of Law, or other Orders in this case.

Defendant DuBuclet's Objections (ECF No. 22) are **OVERRULED**.

## CONCLUSION

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.1, the FINDINGS AND RECOMMENDATION TO: (1) GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT; AND (2) DENY DEFENDANT'S SECOND APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 20) are **ADOPTED, IN PART,** as set forth in this Order.

The Court **ADOPTS** the Findings and Recommendation to remand the case to state court, to deny Defendant DuBuclet's application to proceed without prepaying fees or costs, and to award attorneys' fees to Plaintiff pursuant to 28 U.S.C. § 1447(c).

Defendant Vance Phillip DuBuclet's Objections (ECF No. 22) are **OVERRULED**.

//
//
//
//
//
//
//

The case and all files herein are **REMANDED** to the Circuit Court of the Third Circuit, State of Hawaii for further proceedings.

Plaintiff Continental Pacific, LLC shall file a Motion for Attorneys' Fees pursuant to District of Hawaii Local Rule 54.2(f) and a Bill of Costs pursuant to Local Rule 54.1 on or before Tuesday, June 14, 2022.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, May 31, 2022.

Helen Gillmor
United States District Judge

Continental Pacific, LLC v. Vance Phillip DuBuclet; Portfolio Recovery Associates LLC; Doe Defendants 1-10; BYVW Exhange Services, LLC; Firs American Title Guarantee Co.; Hawaii Electric Light Co; Henry Correa, Jr.; Peter K. Kubota, Civ. No. 22-00102 HG-KJM; **ORDER ADOPTING, IN PART, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO: (1) GRANT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT; AND (2) DENY DEFENDANT'S SECOND APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 20) and OVERRULING DEFENDANT VANCE PHILLIP DUBUCLET'S OBJECTIONS (ECF No. 22)**