IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CONTINENTAL PACIFIC, LLC, | ) | Civil No. 22-00102 HG-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT IN |
| vs. | ) | PART AND DENY IN PART |
| | ) | PLAINTIFF'S MOTION FOR |
| VANCE PHILLIP DUBUCLET; | ) | ATTORNEYS' FEES AND COSTS |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES LLC, a Delaware | ) | |
| limited liability company; DOE | ) | |
| DEFENDANTS 1–10; BYVW | ) | |
| EXCHANGE SERVICES, LLC; | ) | |
| FIRST AMERICAN TITLE | ) | |
| GUARANTEE CO (FATCO); | ) | |
| HAWAII ELECTRIC LIGHT CO. | ) | |
| (HELCO); HENRY CORREA, JR. | ) | |
| "Hank"; and PETER K. KUBOTA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

On June 14, 2022, Plaintiff Continental Pacific, LLC ("Plaintiff") filed its

Motion for Attorneys' Fees and Costs ("Motion").  ECF No. 26.  On July 1, 2022,

Defendant Vance Phillip DuBuclet ("Defendant"), proceeding *pro se*, filed a

"Motion to Reconsider Petitioner Paying Opponent's Attorney Fees as a Punitive

Action," which this Court construes as an opposition to the Motion ("Opposition").

ECF No. 38.  On July 5, 2022, Plaintiff filed a Response to Defendant's Opposition.  ECF No. 39.

The Court elects to decide this matter without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  After carefully considering the Motion, the parties' memoranda, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff's Motion as set forth below.

## BACKGROUND

This matter arises out of a foreclosure action commenced by Plaintiff that Defendant removed from the Third Circuit Court, State of Hawaii ("State Action"). *See* ECF No. 1.  On April 14, 2022, Plaintiff filed a Motion to Remand Case to State Court ("Motion to Remand").  ECF No. 13.  On May 11, 2022, this Court issued a Findings and Recommendation to:  (1) Grant Plaintiff's Motion to Remand Case to State Court; and (2) Deny Defendant's Second Application to Proceed in District Court Without Prepaying Fees or Costs.  ECF No. 20.  On May 31, 2022, the district court issued an order granting, in part, the May 11, 2022 Findings and Recommendation ("05/31/2022 Order").  ECF No. 23.  Pursuant to the 05/31/2022 Order, the district court granted, in part, Plaintiff's motion to remand, finding that there was no basis for removal by Defendant that would

2

provide the Court with subject-matter jurisdiction over the Complaint. *Id.* at 4. The district court also granted Plaintiff's request for an award of attorneys' fees and costs incurred to remove the case under 28 U.S.C. § 1447(c). *Id.*

On June 14, 2022, Plaintiff filed this Motion pursuant to the 05/31/2022 Order and Local Rule 54.2(f). ECF No. 26. In support of the Motion, Plaintiff included a memorandum, a declaration by Plaintiff's counsel, Edmund W.K. Haitsuka ("Haitsuka Declaration"), and an itemization of fees for work performed ("Itemization of Work Performed"). Plaintiff seeks an award of attorneys' fees totaling $6,942.40, which includes Hawaii General Excise Tax ("GET") of $312.40.[1]

On June 24, 2022, Defendant appealed the 05/31/2022 Order. ECF No. 31. "The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." *Akina v. Hawaii*, 141 F. Supp. 3d 1106, 1113 n.4 (D. Haw. 2015) (quoting *Matter of Combined Metals Reduction Co.)*, 557 F.2d 179, 200 (9th Cir.1977)). The Court, however, has discretion to entertain motions for fees and costs, defer ruling, or deny the motions without prejudice to refile after the conclusion of the appeal. *See* Fed. R. Civ. P. 54(d)(2) advisory committee's note ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion,

---

[1] The Hawaii GET is 4.712%.

3

or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). This Court exercises its discretion to rule on the Motion without waiting for the appeal to conclude.

## DISCUSSION

### I.    Attorneys' Fees Incurred as a Result of Removal

Attorneys' fees may be awarded against Defendant if his decision to remove was objectively unreasonable. "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Defendant argues that the award of attorneys' fees is improper and "punitive." Specifically, Defendant asserts that he removed the State Action in "good faith," that he was "unaware of rules like . . . the 'forum defendant rule,'" and that this case presents "unusual circumstances"—i.e., the COVID-19 pandemic—that preclude an award of attorneys' fees. ECF No. 38 at 4–5. The Court acknowledges that Defendant is a self-represented party, and hence the Court has a duty to construe Defendant's pleadings liberally. *Zakarian v. Option*

4

*One Mortg. Corp.*, 642 F. Supp. 2d 1206, 1214 (D. Haw. 2009) (citations omitted). "[W]hile pro se litigants are held to less stringent standards than their legal counterparts, a litigant's pro se status cannot excuse him from complying with the procedural or substantive rules of the Court." *O'Phelan v. Meek*, Civil Action No. 08-00407 HG-KSC, 2009 WL 151925, at *3 n.3 (D. Haw. Jan. 22, 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.")). The Local Rules, in fact, require *pro se* litigants to "abide by all local, federal, and other applicable rules and/or statutes." LR81.1.

The Court finds that Defendant's assertions are without merit. First, Defendant's lack of knowledge of legal principles does not excuse the procedural and substantive defects that existed in Defendant's removal of the State Action. At the same time, Defendant has demonstrated sufficient knowledge of the removal statute, 28 U.S.C. § 1441, and the federal subject-matter jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, to have removed the State Action, albeit without an objectively reasonable basis, as the district court found. *See, e.g.*, *Nazemi v. Wrona*, Civ. No. 13-00239 SOM-BMK, 2013 WL 3936205, at *1 (D. Haw. July 30, 2013) (finding that, even though defendant is proceeding *pro se*, removal was not objectively reasonable because it was clearly untimely and there were no federal questions raised in the plaintiffs' complaint); *U.S. Bank Nat'l Ass'n v.*

*Strobel*, Civil No. 14-00167 SOM/BMK, 2014 WL 4219554, at *3 (D. Haw. Aug. 25, 2014) (noting that proceeding *pro se* does not automatically excuse defects in removal).

Second, under 28 U.S.C. § 1447(c), the standard for awarding attorneys' fees is whether the removing party lacked an objectively reasonable basis for seeking removal, not whether there was a good faith basis to remove. *See Martin*, 546 U.S. at 141. The district court has already determined that Defendant lacked an objectively reasonable basis for removing the State Action; Defendant's good faith is irrelevant.

Finally, Defendant misunderstands—or is not aware of—the purpose of attorneys' fees under § 1447 in arguing that unusual circumstances should prevent an award. "[A]warding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, *when the statutory criteria are satisfied*." *Martin*, 546 U.S. at 140 (emphasis added). Courts "adhere to this purpose when assessing whether 'unusual circumstances' justify an award under 28 U.S.C. § 1447(c)." *Schiff v. Liberty Mut. Fire Ins. Co*., 784 F. App'x 490, 492 (9th Cir. 2019) (citing *Gardner v. UICI*, 508 F.3d 559, 561–63 (9th Cir. 2007)).

Given the purpose of awarding attorneys' fees under § 1447, "the standard for awarding fees should turn on the reasonableness of the removal." *Martin*, 546 U.S. at 141.  Defendant failed to satisfy the statutory criteria for removal.  He lacked an objectively reasonable basis for seeking removal, and thus the district court granted Plaintiff an award of attorneys' fees under 28 U.S.C. § 1447(c).

II.    Reasonable Attorneys' Fees

Given the district court's determination that an award of attorneys' fees and costs is warranted under § 1447(c), the Court now turns to Plaintiff's request for reasonable attorneys' fees and costs.  Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies the number of hours reasonably expended by a reasonable hourly rate.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Boles v. Engle*, Civil No. 08-00438 ACK-KSC, 2009 WL 1035065, at *3 (D. Haw. Mar. 12, 2009), *adopted by* Civil No. 0800438 ACK-KSC, 2009 WL 1035127 (D. Haw. Apr. 15, 2009) (applying the lodestar approach to determine reasonable attorneys' fees for time spent in connection with a motion to remand).  The court may adjust the "presumptively reasonable" lodestar calculation based on an evaluation of the "reasonableness" factors articulated in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992), that are not already

7

subsumed in the lodestar. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (citing *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993)). "The court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award." *Id.* (quoting *Kessler v. Assocs. Servs. Co. of Haw.*, 639 F.2d 498, 500 n.1 (9th Cir. 1981)).

The district court remanded this case to the Third Circuit Court, State of Hawaii. The district court also granted Plaintiff's request for attorneys' fees and costs under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Accordingly, Plaintiff is entitled to a reasonable attorneys' fee, as addressed below.

As a preliminary matter, the Court notes that the Motion does not reflect that Plaintiff's counsel met with Defendant in a good faith attempt to agree on the amount of fees or related nontaxable expenses that should be awarded prior to Plaintiff filing the Motion. LR54.2(d). Nor does the Motion contain a Joint Statement that contains, among other things, each specific dispute remaining between the parties as to the fees or expenses and all matters agreed upon. LR54.2(e). Under these circumstances, the Court finds that requiring Plaintiff to file an amended Motion would be wasteful of the parties' time and the court's

resources. *See Suzuki v. Helicopter Consultants of Maui, Inc.*, Civil No. 13-00575 JMS-KJM, 2017 WL 2876702, at *2 (D. Haw. Apr. 30, 2017), *adopted by* No. CV 13-00575 JMS-KJM, 2017 WL 2839497 (D. Haw. May 22, 2017) (citing *Tiki Shark Art Inc. v. CafePress, Inc.*, Civil No. 13-005577 JMS-RLP, 2014 WL 3928799, at *3 (D. Haw. Aug. 12, 2014) (holding that in the context of Local Rule 37.1, "where requiring the parties to meet and confer would be futile, or depending upon the particular circumstances of a case, courts may address a motion's merits despite a party's failure to comply with a meet-and-confer requirement.")).

The Motion covers a narrow range of work performed—the Motion to Remand and this Motion. The Court can determine the reasonableness of Plaintiff's requested attorneys' fees through the Haitsuka Declaration and Itemization of Work Performed without a Joint Statement. Given that Plaintiff's request for attorneys' fees has already been granted in principle by the district court, the Court finds that a Joint Statement is not required. Accordingly, the Court will excuse Plaintiff's failure to comply with Local Rule 54.2 in this instance.

I.      Reasonable Hourly Rate

The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938

F.3d 1020, 1023 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th

Cir. 2016)); *Webb v. Ada Cnty.*, 285 F.3d 829, 840 (9th Cir. 2002) (citing

*Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)).  The relevant

community is the forum in which the district court sits.  *Camacho v. Bridgeport*

*Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  In this case, the relevant community

is the District of Hawaii.

The Court has reviewed the Haitsuka Declaration.  ECF No. 26-2.  Plaintiff

seeks an hourly rate of $300 for work completed by Mr. Haitsuka.  *Id*. at 2 ¶ 7; *see*

*also* ECF No. 26-3 at 5.  Mr. Haitsuka declares that for approximately the past five

years, he has charged his standard and customary $300 hourly rate.  ECF No. 26-2

at 2 ¶ 7.  Mr. Haitsuka declares that he has been licensed as an attorney and in

good standing in Hawaii for nearly 25 years.  *Id*. at ¶ 8.  Mr. Haitsuka declares that

he is a partner in a two-attorney firm and handles all aspects of litigation in the

areas of real estate transactions and business.  *Id*. at 2–3 ¶¶ 9–11.  Mr. Haitsuka

declares that his hourly rate is consistent with his knowledge of the prevailing

hourly rates in Hawaii.  *Id*. at 3–4 ¶¶ 13, 15, 16.  Mr. Haitsuka cites, as an example,

his law partner, who has approximately 30 years of legal experience, performs the

same type of work as Mr. Haitsuka, and charges the same $300 hourly rate.  *Id*. at

4 ¶ 17.

This Court is aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation. Based on the Court's knowledge of the prevailing rates, the Court finds that Mr. Haitsuka's requested hourly rate is reasonable.  Accordingly, the Court will apply this $300 hourly rate in calculating Plaintiff's lodestar.

## II.    Hours Reasonably Expended

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."  *U.S. v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)).  "[T]he prevailing party is entitled to recover only reasonable attorneys' fees and costs, and the burden is on the prevailing party to prove those fees and costs were associated with the relief requested and reasonably necessary to achieve the results obtained."  *Tirona v. State Farm Mut. Auto. Ins. Co*., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).

The Court also has its own "independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case."  *Irwin v. Astrue*, No. 3:10-CV-545-HZ, 2012 WL 707090, at *1 (D. Or. Mar. 5, 2012) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)).  The court must guard against awarding fees which are excessive and must determine

11

which fees were self-imposed and avoidable. *Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1275 (D. Haw. 2013) (citing *Tirona*, 821 F. Supp. 18 at 637).

Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Id.* (quoting *Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)). Accordingly, courts must deny compensation for time expended on work deemed "excessive, redundant, or otherwise unnecessary." *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1083 (9th Cir. 2021) (quoting *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)).

Plaintiff requests attorneys' fees of $6,690 for 22.3 hours of work performed.[2] The Court has reviewed Mr. Haitsuka's billing entries and notes several that warrant reduction. The Court addresses these entries below.

A.    Clerical Tasks

The Court's careful review of Mr. Haitsuka's billing entries reveals non-compensable clerical tasks. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." *Au*, 933 F. Supp. 2d at 1275–76 (quoting *Jeremiah B. v. Dep't of Educ.*, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010)). The following is a non-

---

[2] In the Motion, Plaintiff requests attorneys' fees of $6,630 for 22.10 hours of work. The Court reviewed the Itemization of Work Performed and determined that the correct total figure is $6,690 for 22.3 hours of work performed. *See* ECF Nos. 26-3, 26-4.

exhaustive list of clerical and ministerial tasks deemed non-compensable in this district:

> reviewing Court-generated notices; scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; *filing documents with the Court*; informing a client that a document has been filed; . . . copying, printing, and scanning documents, receiving, downloading, and emailing documents; and communicating with Court staff.

*Crawford v. Japan Airlines*, Civil No. 03-00451 LEK-KSC, 2014 WL 1326576, at *4 (D. Haw. Jan. 22, 2014), *adopted by* 2014 WL 1326580 (D. Haw. Mar. 28, 2014) (citations omitted) (emphasis added).

The Court finds that billing entries containing clerical tasks consist of a compensable portion—revising, finalizing a document—and a non-compensable portion—filing a document.[3]  Accordingly, the Court recommends applying a 10% reduction to account for the clerical portion of otherwise compensable tasks.  *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (quoting *Moreno*, 534 F.3d at 1112) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.")).  A thorough review of Plaintiff's

---

[3]  Entries dated 04/11/2022, for example, indicate the following tasks:  "Revise, finalize and file notice of appearance of counsel." (0.20); "Revise, finalize, and file corporate disclosure." (0.20); "Revise, finalize and file scheduling conference statement." (0.20); "Revise, finalize and file initial disclosures." (02.0).  ECF No. 26-3 at 2.

Itemization of Work Performed discloses several entries that include filing

documents in the district court.  The Court thus recommends that the district court

reduce by 10% Mr. Haitsuka's claimed 2.3 hours of billed work that includes

clerical tasks and impose a total reduction of .23 hours for non-compensable

clerical tasks.[4]

  B.  Block-Billed Entries

   The practice of block-billing violates Local Rule 54.2(f), which requires that

a memorandum in support of a motion for attorneys' fees describe "the work

performed by each timekeeper, broken down by hours expended on each task . . . ."

LR54.2(f).  "Block billing entries generally fail to specify a breakdown of the time

spent on each task."  *Au*, 933 F. Supp. 2d at 1276.  The Ninth Circuit has

recognized a district court's authority to reduce hours that are billed in block

format.  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do

not quarrel with the district court's authority to reduce hours that are billed in

block format.").  Generally, the district court "may properly impose a reduction for

block billing, but it should 'explain how or why . . . the reduction . . . fairly

balance[s] those hours that were actually billed in block format."  *Id*. (citing

*Sorenson*, 239 F.3d at 1146).

---

[4]  Hourly entries subject to a 10% reduction for clerical tasks are as follows:
04/11/2022 (0.2); 04/11/2022 (0.2); 04/11/2022 (0.2); 04/11/2022 (0.2);
05/06/2022 (0.3); 06/14/2022 (0.2); 06/14/2022 (1.0).  ECF No. 26-3 at 2, 4, 5.

This district court has previously declined to impose a reduction for block-billed entries where "limited instances" of block-billing that did not prevent the court from evaluating the reasonableness of the hours expended. *See Santana v. Berryhill*, Civil No. 16-00367 ACK-KJM, 2017 WL 4211044, at *4 (D. Haw. Aug. 31, 2017), *adopted by* No. CV 16-00367 ACK-KJM, 2017 WL 4202153 (D. Haw. Sept. 21, 2017) (citations omitted) ("The limited instances of block-billed entries . . . do not prevent the Court from evaluating the reasonableness of the hours expended."); *Dep't of Educ. Haw. v. C.B. ex rel. Donna B.*, Civil No. 11-00576 SOM-RLP, 2012 WL 7475406, at *10 (D. Haw. Sept. 28, 2012) (citing *Ko Olina Dev., LLC v. Centex Homes*, CV. NO. 09-00272 DAE-LEK, 2011 WL 1235548, at *11 (D. Haw. Mar. 29, 2011) (declining to apply a percentage reduction for block-billing because "[v]iewing the record as a whole, the limited instances of block billing do not prevent the Court from evaluating the reasonableness of the hours expended").

When a single entry contains multiple tasks—particularly tasks that are clearly different, such as communicating with clients, conducting legal research, and drafting documents—the Court is unable to assess the reasonableness of the hours expended on each specific task. The Court thus recommends that the district court apply an across-the-board reduction of 20% to block-billed entries. *See Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, CIVIL NO. 14-00520 DKW-KSC, 2017

WL 810277, at *14 (D. Haw. Mar. 1, 2017) (imposing an across-the-board reduction of 20% to block-billed entries); *Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, CIV. No. 09-00429 ACK-KSC, 2012 WL 2529298, at *3 (D. Haw. June 28, 2012) (reducing block-billed hours by 20%); *Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc.*, No. CV 06-00663 JMS BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block-billed hours by 20%).

The Court has carefully reviewed the Itemization of Work Performed hourly entries and finds several in which it is unable to assess the reasonableness of the hours expended on each specific task. The Court recommends that the district court reduce Mr. Haitsuka's claimed 9.6 hours that contain block-billed entries by 20% and impose a total reduction of 1.92 hours for block-billing.[5]

C.    Total Lodestar Calculation

Based on the foregoing, the Court recommends that the district court reduce Plaintiff's 22.3 requested hours by: (1) 0.23 hours for clerical tasks; and (2) 1.92 hours for block-billing, for an adjusted total of 20.15 hours. The Court thus recommends that the district court award Plaintiff $6,045 in attorneys' fees, plus $284.84 GET, for a total fees award of $6,329.84.

---

[5] Entries subject to a 20% reduction for block-billing are as follows: 04/07/2022 (1.0 hours); 04/08/2022 (2.5 hours); 04/11/2022 (1.5 hours); 04/12/2022 (0.3 hours); 05/03/2022 (0.8 hours); 05/05/2022 (2.3 hours); 05/27/2022 (1.0 hours); 05/27/2022 (0.2 hours). ECF No. 26-3 at 2–4.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the

district court GRANT IN PART AND DENY IN PART Plaintiff's Motion for

Attorneys' Fees and Costs (ECF No. 26).  Specifically, the Court RECOMMENDS

that the district court award Plaintiff $6,045 in attorneys' fees, plus $284.84 GET,

for a total fees award of $6,329.84.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 15, 2022.

Kenneth J. Mansfield
United States Magistrate Judge

*Continental Pacific, LLC v. DuBuclet et al.*, Civil No. 22-00102 HG-KJM: Findings and
Recommendation to Plaintiff's Motion for Attorneys' Fees and Costs