IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CONTINENTAL PACIFIC, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> VANCE PHILLIP DUBUCLET; ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES LLC, a Delaware ) <br> limited liability company; DOE ) <br> DEFENDANTS 1–10; BYVW ) <br> EXCHANGE SERVICES, LLC; ) <br> FIRST AMERICAN TITLE ) <br> GUARANTEE CO (FATCO); ) <br> HAWAII ELECTRIC LIGHT CO. ) <br> (HELCO); HENRY CORREA, JR. ) <br> "Hank"; and PETER K. KUBOTA, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 22-00102 HG-KJM <br><br> FINDINGS AND <br> RECOMMENDATION TO GRANT IN <br> PART AND DENY IN PART <br> PLAINTIFF CONTINENTAL <br> PACIFIC, LLC'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART
<u>PLAINTIFF CONTINENTAL PACIFIC, LLC'S BILL OF COSTS</u>

On June 14, 2022, Plaintiff Continental Pacific, LLC ("Plaintiff") filed its Bill of Costs. ECF No. 27. On July 1, 2022, Defendant Vance Phillip DuBuclet ("Defendant"), proceeding *pro se*, filed a "Motion to Reconsider Petitioner Paying Opponent's Attorney Fees as a Punitive Action," which the Court construes as an objection to the Bill of Costs ("Objection"). ECF No. 38.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After carefully considering the Bill of Costs, the parties' submissions, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff's Bill of Costs as set forth below.

## BACKGROUND

This matter arises out of a foreclosure action commenced by Plaintiff that Defendant removed from the Third Circuit Court, State of Hawaii ("State Action"). *See* ECF No. 1. On April 14, 2022, Plaintiff filed a Motion to Remand Case to State Court ("Motion to Remand"). ECF No. 13. On May 11, 2022, this Court issued a Findings and Recommendation to: (1) Grant Plaintiff's Motion to Remand Case to State Court; and (2) Deny Defendant's Second Application to Proceed in District Court Without Prepaying Fees or Costs ("05/11/2022 Findings and Recommendation"). ECF No. 20. On May 31, 2022, the district court issued an order granting, in part, the 05/11/2022 Findings and Recommendation ("05/31/2022 Order"). ECF No. 23. Pursuant to the 05/31/2022 Order, the district court granted, in part, Plaintiff's motion to remand, finding that there was no basis for removal by Defendant that would provide the Court with subject-matter jurisdiction over the Complaint. *Id*. at 4. The district court also granted Plaintiff's

2

request for an award of attorneys' fees and costs incurred to remove the case where the removing party lacks an objectively reasonable basis for seeking removal under 28 U.S.C. § 1447(c).  *Id*.

On June 14, 2022, as directed in the 05/31/2022 Order, Plaintiff filed this Bill of Costs for $185.32 pursuant to Local Rule 54.1.  ECF No. 27.  In support of the Bill of Costs, Plaintiff included documentation of certain taxable costs only.  Plaintiff failed to provide a memorandum, affidavit, or representation of a pre-filing meet-and-confer with Defendant as required by Local Rule 54.1(c).[1]  Defendant's Objection does not address these deficiencies.

The Court finds that the Bill of Costs covers a narrow range of work performed—the Motion to Remand.  The Court can determine, from Plaintiff's scant submission, whether Plaintiff's requested costs fall within the definition of taxable costs under 28 U.S.C. § 1920.  Moreover, requiring Plaintiff to file an amended Bill of Costs would be wasteful of the parties' time and the Court's resources.  *See Suzuki v. Helicopter Consultants of Maui, Inc.*, Civil No. 13-00575 JMS-KJM, 2017 WL 2876702, at *2 (D. Haw. Apr. 30, 2017), *adopted by* No. CV

---

[1]  The Court observes that Plaintiff's counsel has had regular contact with Defendant.  For example, Plaintiff's Itemization of Work Performed includes hourly entries for telephone calls to Defendant "regarding joint meeting of the parties" pertaining to the Motion to Remand.  *See* ECF No. 26-3 at 3; *see also* ECF Nos. 39-2 to 39-6 (email communications between Plaintiff's counsel and Defendant).  Plaintiff's counsel, thus, could have met and conferred with Defendant prior to filing this Motion.

13-00575 JMS-KJM, 2017 WL 2839497 (D. Haw. May 22, 2017) (citing *Tiki Shark Art Inc. v. CafePress, Inc.*, Civil No. 13-005577 JMS-RLP, 2014 WL 3928799, at *3 (D. Haw. Aug. 12, 2014) (holding that in the context of Local Rule 37.1, "where requiring the parties to meet and confer would be futile, or depending upon the particular circumstances of a case, courts may address a motion's merits despite a party's failure to comply with a meet-and-confer requirement.")). Accordingly, the Court will excuse Plaintiff's failure to comply with Local Rule 54.2 in this instance but admonishes counsel that failure to comply with the Local Rules may result in denial of similar requests in the future.

On June 24, 2022, Defendant appealed the 05/31/2022 Order. ECF No. 31. "The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." *Akina v. Hawaii*, 141 F. Supp. 3d 1106, 1113 n.4 (D. Haw. 2015) (quoting *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 200 (9th Cir.1977)). The Court, however, has discretion to entertain motions for fees and costs, defer ruling, or deny the motions without prejudice to refile after the conclusion of the appeal. *See* Fed. R. Civ. P. 54(d)(2) advisory committee's note ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a

4

new period for filing after the appeal has been resolved."). This Court exercises its discretion to rule on the Bill of Costs without waiting for the appeal to conclude.

## DISCUSSION

Plaintiff requests $185.32 in costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Rule 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Accordingly, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

While courts have discretion to award costs pursuant to Rule 54(d), "courts may tax only those costs defined in 28 U.S.C. § 1920." *Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (other citations omitted) (citing *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176 (9th Cir. 1990) (providing that § 1920 enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d))). Section 1920 enumerates costs taxable to the prevailing party as follows:

\\

\\

\\

>    (1)   Fees of the clerk and marshal;
>
>    (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3)   Fees and disbursements for printing and witnesses;
>
>    (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5)   Docket fees under section 1923 of this title;
>
>    (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In its Bill of Costs, Plaintiff seeks an award of costs for photocopying, purchase of certified copies for use as exhibits, and postage charges. The Court addresses Defendant's specific requests below.

I.   Photocopying Costs and Purchase of Certified Copies

Plaintiff requests $117.60 in costs for photocopying the motion to remand. *See* ECF No. 27-1. Copying costs are taxable under § 1920. *See* 28 U.S.C. § 1920(3), (4). Plaintiff also requests $36.32 in costs for purchasing certified copies of filings from the State Action for use as exhibits to the Motion to Remand. *See* ECF No. 27-1. The Court finds that costs to obtain certified copies from the State Action are recoverable. 28 U.S.C. § 1920 (4); *see also Ferrari Fin. Servs., Inc. v.*

*Yokoyama*, No. CV 18-00136 JAO-RLP, 2019 WL 1466886, at *5 (D. Haw. Mar. 18, 2019), *adopted by* No. CV 18-00136 JAO-RLP, 2019 WL 1461899 (D. Haw. Apr. 2, 2019) (finding that costs to obtain certified copies of the first amended complaint from the Clerk are recoverable under § 1920).

The Court thus finds and recommends that the district court grant Plaintiff's request to tax $153.92 in costs for photocopying and purchasing certified copies of documents in the State Action.[2]

II.     Postage Charges

Plaintiff requests $31.40 in costs for postage.  *See* ECF No. 27-1.  Postage is not a cost listed in § 1920 and is, thus, not taxable as a cost.  *Cooke v. D'Amore*, No. Civ. 05–00547HG–BMK, 2006 WL 1119163, at *2 (D. Haw. Apr. 25, 2006) (citing *Yasui*, 78 F. Supp. 2d at 1126 (quoting *Embotelladora Agral Regiomontana v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997) ("Postage is not included in section 1920 and is not recoverable as a cost"))).  The Court finds and recommends that the district court deny Plaintiff's request for postage costs.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff's Bill of Costs.

---

[2] This amount consists of:  (1) $117.60 for photocopying costs; and (2) $36.32 for purchasing certified copies.

Specifically, the Court RECOMMENDS that the district court tax costs in favor of Plaintiff as follows:

| | | | |
|---|---|---|---|
| (A) | Photocopying Costs | | $117.60 |
| (B) | Purchase of Certified Copies | | $36.32 |
| | **TOTAL** | | **$153.92** [3] |

The Court RECOMMENDS that the district court deny Plaintiff's request for costs in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 15, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*Continental Pacific, LLC v. DuBuclet*, Civil No. 22-00102 HG-KJM; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Continental Pacific, LLC's Bill of Costs

---

[3] This amount includes applicable general excise tax to the extent Plaintiff requested such tax in the Bill of Costs.